# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2639-18T2

NEW JERSEY DIVISION
OF YOUTH AND FAMILY
SERVICES,[1]

     Plaintiff,

v.

R.C. and Y.C.,

     Defendants-Respondents.

_____

Argued telephonically June 2, 2020 –
Decided July 7, 2020

Before Judges Yannotti and Currier.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Ocean County, Docket
No. FN-15-0158-10.

Larry S. Loigman argued the cause for appellant E.C.

---

[1]   The Division is now known as the Division of Child Protection and Permanency. See L. 2012, c. 16 (eff. June 29, 2012) (amending N.J.S.A. 9:3A-10(b)).

R.C., respondent, argued the cause pro se.

PER CURIAM

E.C. appeals from an order entered by the Family Part on February 8, 2019, which denied his application to enjoin R.C. from disseminating or disclosing certain records from this case. We affirm.

We briefly summarize the relevant facts and procedural history, based on the limited record provided on this appeal. E.C. was born in 1993 and defendants are his parents. In March 2010, E.C. fled from his family home. He apparently claimed that defendants R.C. and Y.C. had abused him. In March 2010, Larry S. Loigman (Loigman), E.C.'s attorney, reported the alleged abuse to the Division of Youth and Family Services (the Division).

The Division investigated the report and in April 2010, filed a complaint against defendants seeking, among other relief, custody, care and supervision of E.C. The matter was docketed as FN-15-0158-10. The trial court apparently granted the application.

Thereafter, the court entered an order dated April 26, 2010, which continued E.C. in the Division's custody, care and supervision. The court appointed a law guardian for E.C. and allowed Loigman to participate in the matter as a friend of court. The court entered another order dated July 30, 2010,

which returned legal and physical custody of E.C. to defendants. The order stated that: the Division had determined that the allegations against defendants were unfounded and a fact-finding hearing would not take place; Loigman was relieved of his responsibility as friend of the court; and the Division shall arrange for the family to receive therapy. The court dismissed the action; however, the order stated that the Division would keep its file open to provide services to the family for reunification.

On August 9, 2010, the court entered an order reopening the case. The order stated that defendants would continue to have legal and physical custody of the minor child. The court again appointed a law guardian for the child. The order stated that "[w]homever" had information about E.C.'s "whereabouts" should immediately disclose that information to the court.

In November 2010, Loigman filed a complaint in the Family Part on behalf of E.C. alleging abuse and neglect. The court entered an order dated December 20, 2010, dismissing the complaint without prejudice because the complaint did not name any defendants. Loigman also filed an application for E.C.'s emancipation, which the court dismissed.

In April 2011, Loigman filed a notice of claim on behalf of E.C. pursuant to the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3. The notice indicated that E.C.

3

intended to pursue claims against the Ocean County Prosecutor's Office, the New Jersey Department of Human Services, the Office of the Public Defender, the Family Part judge who handled the abuse and neglect proceeding, and other unknown state agencies and employees who allegedly harmed E.C.

On August 1, 2012, the Family Part entered an order dismissing this action. It appears that E.C. was no longer a minor and he did not wish to have the Division provide him with any additional services.

In January 2013, Loigman filed a motion in this action on behalf of E.C. seeking, among other things, sanctions against R.C. for allegedly disseminating the Division's confidential records. He sought the return of all such records and an injunction against further dissemination of the records. The Law Division judge entered an order dated February 7, 2013, denying the motion.

The order stated, among other things, that Loigman could use the Division's records in defense of an ethics complaint that had been filed against him, subject to a protective order entered in that proceeding. The order also stated that any party who wanted to use any other Division records or documents not currently in his or her possession shall make an appropriate application to the court pursuant to N.J.S.A. 9:6-8.10.

In June 2016, R.C. filed a legal malpractice action against Loigman in the Law Division, which was docketed under OCN-L-1625-15. It appears that Loigman filed a motion seeking, among other things, transfer of venue or, in the alternative, the judge's recusal. The court entered an order dated October 15, 2019, denying the motion. Loigman filed a motion for leave to appeal.

On November 22, 2019, the Law Division judge filed an amplification of his reasons for the October 15, 2019 order. The judge noted that in his motion, Loigman had argued that the judge had erroneously permitted R.C. to attach, refer to, or otherwise disseminate confidential Division reports and Family Part orders regarding alleged abuse of E.C.

The judge stated that he had barred the use of electronic filing of all pleadings and correspondence to ensure confidentiality of the records of the Family Part proceedings. The judge had also required the appearance by the Division's counsel before issuing any order concerning the dissemination of Family Part records. The judge stated that "[t]he vast majority of records required for the pursuit of [R.C.'s] claim were obtained by the parties prior to and outside of the current litigation . . . ."

On January 23, 2019, Loigman filed a motion in this case on E.C.'s behalf to enforce litigant's rights. He sought an order barring R.C. "from disclosing

information from [certain Division] and [f]amily [c]ourt files." The Division did not take a position on the motion. On January 29, 2019, the Family Part judge entered an order denying E.C.'s motion.

At Loigman's request, the judge thereafter issued a statement of reasons and amended order dated February 8, 2019, which again denied the motion. In the statement of reasons, the judge wrote that E.C. claimed R.C. had allegedly attached "dozens of pages" of documents from the abuse and neglect case and the Division's "investigative reports and transcripts" to a filing submitted to the Law Division in R.C.'s legal malpractice action against Loigman.

The judge recounted the history of this case and noted that the court had entered an order dated August 1, 2012, dismissing the action.[2] The judge stated that, at the time E.C. made this motion, he was twenty-five years old and not subject to the jurisdiction of the Family Part. The judge also stated that the relief

---

[2] The judge commented that on March 8, 2015, the Supreme Court reprimanded Loigman as result of his filing of the second abuse and neglect action and the tort claims notice. We note that on March 9, 2016, the Supreme Court reprimanded Loigman for violating the Rules of Professional Conduct by bringing a frivolous claim and engaging in conduct prejudicial to the administration of justice. In re Loigman, 224 N.J. 271 (2016). It is not clear from the record before us whether the reprimand arose from the second abuse and neglect proceeding or the tort claims notice.

A-2639-18T2

sought were equitable in nature and not appropriate for disposition by the Family Part. This appeal followed.[3]

On appeal, E.C. argues that the Family Part judge erred by failing to ensure the confidentiality of the records pertaining to the abuse and neglect proceedings. He asserts R.C. has filed certain civil actions and claims and that in those proceedings, she has regularly attached copies of the Division's and Family Part records, which purportedly identify E.C. as a victim of child abuse.

According to E.C., these documents include a page of the Division's screening summary, a section of a document related to the Division's investigation, a page or report from the prosecutor's office, a narrative of an investigation, and certain Family Part orders. He asserts that R.C. is using "confidential records to advance a personal malicious agenda . . . ." He argues the Family Part judge erred by failing to promptly enjoin R.C.'s use of these records.

The Division's records "regarding the abuse and neglect of a child are expressly made confidential." New Jersey Div. of Youth & Family Servs. v. N.S., 412 N.J. Super. 593, 635 (App. Div. 2010) (citing N.J.S.A. 9:6-8.10a(a);

---

[3] We note that the Division has advised the court it takes no position on the appeal.

Division of Youth & Family Servs. v. J.B., 120 N.J. 112, 126-27 (1990)).

N.J.S.A. 9:6-8.10a(a) states that:

> All records of child abuse reports made pursuant to section 3 of P.L.1971, c.437, all information obtained by the Department of Children and Families in investigating such reports . . . and all reports of findings forwarded to the child abuse registry pursuant to section 4 of P.L.1971, c. 437 shall be kept confidential and may be disclosed only under the circumstances expressly authorized under subsections b., c., d., e., f., and g. herein. The department shall disclose information only as authorized under subsections b., c., d., e., f., and g. of this section that is relevant to the purpose for which the information is required, provided, however, that nothing may be disclosed which would likely endanger the life, safety, or physical or emotional well-being of a child or the life or safety of any other person or which may compromise the integrity of a department investigation or a civil or criminal investigation or judicial proceeding.

The statute provides, however, certain exceptions that allow disclosure of records deemed confidential to law enforcement and child protection agencies, physicians, courts, legal counsel, and parents when the parent "is directly involved." N.J.S.A. 9:6-8.10a(b) to (g). Furthermore, "[a]ny individual, . . . or other entity which receives . . . the records and reports referred to in subsection a., shall keep the records and reports, or parts thereof, confidential and shall not disclose the records and reports . . . except as authorized by law." N.J.S.A. 9:6-8.10a(b).

Our court rules also provide for confidentiality of certain court records. Rule 1:38-3(a) states that "[r]ecords required to be kept confidential by statute, rule, or prior case law" are to be excluded from public access "unless otherwise ordered by a court upon a finding of good cause. The records remain confidential even when attached to a non-confidential document." R. 1:38-3(a). Moreover, the public is not permitted access to court records relating to child abuse victims. See R. 1:38-3(c)(9), (c)(12), (d)(10), (d)(11), (d)(17).

Notwithstanding E.C.'s arguments to the contrary, we are convinced the Family Part judge did not err by denying E.C.'s motion to enjoin R.C. from the alleged unauthorized use of records related to the abuse and neglect proceedings. As we have explained, E.C. claims R.C. improperly attached the records to documents she filed in the legal malpractice case against Loigman. The claims asserted in that action are apparently based in part on Loigman's representation of E.C. in the abuse and neglect proceedings.

E.C. has not provided this court with copies of the documents that R.C. allegedly filed in the Law Division, nor has he provided this court with copies of any orders that the Law Division judge entered in the legal malpractice action pertaining to the use and dissemination of the records at issue. He has not

established that R.C. violated any court order by attaching the records to documents filed in the legal malpractice case.

Moreover, in the legal malpractice action, the Law Division judge stated he had taken appropriate steps to preserve the confidentiality of the Division's records and the records of the Family Part proceedings. The judge said he had managed the records of the Family Part in consultation with the Division and the presiding judge of the Family Part.

Moreover, the Family Part dismissed this action in August 2012. When E.C. made his motion to enjoin R.C. from disseminating the records, he was twenty-five years old and no longer subject to the jurisdiction of the Family Part. Although the Family Part would have jurisdiction to reopen a closed case and enjoin the unauthorized disclosure of the court's and the Division's confidential records, the judge did not err by refusing to do so.

Here, the alleged improper disclosures were made in the pending legal malpractice action against Loigman. The limited record before us shows the Law Division judge in that action has addressed the use of the records at issue and has taken steps to ensure their confidentiality. Any claim that R.C. is not abiding by the orders entered in the legal malpractice action, or is otherwise improperly disclosing and disseminating records deemed confidential under

10

N.J.S.A. 9:6-8.10a(a) and the court rules, should be raised in the Law Division action, not in this closed Family Part case.

We have considered the other contentions raised on appeal and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2639-18T2